# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

IN THE MATTER OF THE SEARCH OF:

Electronic Devices

Case No. __1:17MJ72-1__

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Cory E. Brant, a Special Agent (SA) with Homeland Security Investigations (HSI),

being duly sworn, depose and state as follows:

## INTRODUCTION

1.       I have been employed as a Special Agent of the U.S. Department of Homeland

Security, Homeland Security Investigations (HSI) since April of 2002, and am currently assigned

to the Resident Agent in Charge (RAC) Winston-Salem, North Carolina.  While employed by

HSI, I have investigated federal criminal violations related to high technology or cybercrime,

child exploitation, and child pornography.  I have gained experience through training at the

Federal Law Enforcement Training Center (FLETC) and everyday work relating to conducting

these types of investigations. I have received training in the area of child pornography and child

exploitation, and have had the opportunity to observe and review numerous examples of child

pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media.  I

am also a certified computer forensics and mobile device examiner and have conducted forensic

analyses on over 100 electronic devices that have contained, or have been alleged to have

1

contained, child pornography or other evidence related to the sexual exploitation of minors. Moreover, I am a federal law enforcement officer who is engaged in enforcing criminal laws, including 18 U.S.C. §§ 2251(a), 18 U.S.C. §§ 2252 and 18 U.S.C. §§ 2252A, and I am authorized by law to request search and arrest warrants.

2.      This affidavit is being submitted in support of an application for a search warrant for the property specifically described in Attachment A of this affidavit for contraband and evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2251(a) and 18 U.S.C. §§ 2252A, which items are more specifically described in Attachment B of this affidavit.

3.      I am investigating the activities of ███████████████ for the production, distribution, receipt and possession of child pornography, and I have probable cause to believe that contraband and evidence of a crime, fruits of a crime, and instrumentalities of violations of 18 U.S.C. § 2251(a) (employing, using, persuading, inducing, enticing, or coercing any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct), 18 U.S.C. § 2252A(a)(2)(A) (receipt of, conspiracy to receive and distribute, and attempt to receive and distribute child pornography) and 18 U.S.C. § 2252A(a)(5)(B) (possession and access with intent to view child pornography) are located within the items described in Attachment A.

4.      The statements in this affidavit are based in part on information provided to me by Detectives and Deputies working for the Davidson County, North Carolina, Sheriff's Office, the Davie County, North Carolina, Sheriff's Office, and by other HSI Special Agents and Task Force Officers assigned to the RAC/Winston-Salem. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to

2

me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that contraband and evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2251(a), 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) and 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) are presently located within the items specifically described in Attachment A.

## IDENTIFICATION OF THE DEVICES TO BE SEIZED AND EXAMINED

5. The property to be searched, more fully described in Attachment A and hereinafter referred to as "the Devices," is as follows:

      a.     One HP DV7-4280 laptop,

      b.     One Western Digital external hard drive,

      c.     One black LG G4 cellular telephone,

      d.     One black LG G4 cellular telephone in a gray colored casing,

      e.     One Asus X750J laptop,

      f.     One Dell Inspiron laptop,

      g.     One HP Pavilion DV6000 laptop,

      h.     One Nokia cellular telephone,

      i.     One black Alcatel One Touch tablet,

      j.     One Seagate Momentus 5400 internal hard drive,

      k.     One Lexar Professional 8GB Compact Flash Card,

      l.     One SanDisk 256MB Compact Flash Card,

      m.     One SanDisk MP3 player,

3

n.  One DVD labeled "Teen Tryouts."

6.  The Devices are currently in HSI custody at the RAC/Winston-Salem, 251 N. Main Street, Suite 800, Winston-Salem, North Carolina 27101.

7.  I submit this affidavit in support of a search warrant application authorizing the seizure and forensic examination of the Devices for the purpose of searching for the items described in Attachment B.

## STATUTORY AUTHORITY

8.  As noted above, this investigation concerns alleged violations of the following:

a.  18 U.S.C. §§ 2251(a) prohibits a person employing, using, persuading, inducing, enticing, or coercing any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, or for the purpose of transmitting a live visual depiction of such conduct, if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce;

b.  18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1) prohibits a person from knowingly receiving, distributing or conspiring to receive or distribute, or attempting to do so, any child pornography or any material that contains child pornography, as defined in 18 U.S.C. § 2256(8), that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

4

c.     18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) prohibits a person from knowingly possessing or knowingly accessing with intent to view, or attempting to do so, any material that contains an image of child pornography, as defined in 18 U.S.C. § 2256(8), that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

## DEFINITIONS

9.     The following definitions apply to this affidavit and Attachment B:

a.     "Child erotica," as used herein, means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not necessarily obscene or do not necessarily depict minors in sexually explicit poses or positions.

b.     "Child pornography," as defined in 18 U.S.C. § 2256(8), is any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

5

c.　"Computer," as used herein, refers to "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device" and includes smartphones, and mobile phones and devices. *See* 18 U.S.C. § 1030(e)(1).

d.　"Computer hardware," as used herein, consists of all equipment that can receive, capture, collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, or similar computer impulses or data. Computer hardware includes any data-processing devices (including central processing units, internal and peripheral storage devices such as fixed disks, external hard drives, floppy disk drives and diskettes, and other memory storage devices); peripheral input/output devices (including keyboards, printers, video display monitors, and related communications devices such as cables and connections); as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (including physical keys and locks).

e.　"Computer software," as used herein, is digital information which can be interpreted by a computer and any of its related components to direct the way they work. Computer software is stored in electronic, magnetic, or other digital form. It commonly includes programs to run operating systems, applications, and utilities.

f.　"Minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

g.     "Records," "documents," and "materials," as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade, photographic, mechanical, electrical, electronic, or magnetic form.

h.     "Sexually explicit conduct," as defined in 18 U.S.C. § 2256(2), means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person.

## PROBABLE CAUSE

10.     On March 14, 2017, Davidson County, North Carolina, Sheriff's Office (DCSO) Deputy E. M. Dean responded to Walmart, 1585 Liberty Drive, Thomasville, North Carolina, in reference to an alleged sexual assault that had occurred at ▮▮▮▮▮▮▮▮, Winston-Salem, North Carolina. Upon arrival, Deputy Dean made contact with a ▮▮▮▮ female (hereinafter referred to as "VICTIM #001). VICTIM #001 told Deputy Dean that ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7



████████ ████████████████████████████████████████g ██████████
█████.

11. According to VICTIM #001, ██████ ██████, ████████ ██ ██████

████████████████████████████████████████████████████████████████

██████████ ████████████████████████████████████████████████████

████████████████████████████████████████. ████████████████████████

████████████████████████████████████████████████████████████████

██████████. ██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████.

████████████████████████████████████████████████████████████████

Deputy Dean contacted DCSO Detective Jonathan Todd and secured the laptop and bag.
VICTIM #001 was then escorted to the DCSO.

12. Upon arrival at the DCSO, Detective Todd spoke with VICTIM #001. VICTIM
#001 advised Detective Todd that approximately one year ago, ████████████████████

████████████████████████████████████████████████████████████████

██████. ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████ Detective Todd identified the
laptop as an HP laptop DV7-4280 laptop bearing serial number (S/N) CNF0499W0C and noticed
that a Western Digital external hard drive, bearing serial number WXE1AA052966, was attached
to it.

8

13.    On March 14, 2017, a Magistrate Judge in Davidson County, North Carolina, issued a search warrant authorizing the search of the HP laptop and Western Digital external hard drive.  On this same date, after the issuance of the search warrant, Davie County Sheriff's Office Sergeant Kyle Shuping conducted a forensic preview of the HP laptop and Western Digital external hard drive and discovered numerous images depicting child pornography, including ███████████████ and images of unknown minors engaged in sex acts.  Following are two examples of the child pornography discovered by Sergeant Shuping:

  a. 0221151919.jpg – ███████████████████████

███████████████████████████████████████

███.

  b. 0221151921.jpg – ███████████████████████

███████████████████████████████████

Of particular note, the files described above were located on the Western Digital external hard drive in the file path "HD10\Partition @ 2048\Root\█████Backup\Special\Extra Special\Special\."

14.    On March 14, 2017, a Superior Court Judge in Davidson County, North Carolina, issued a search warrant authorizing the search of █████'s residence, located at █████████ ███, Winston-Salem, North Carolina, any persons on said property, one black Subaru Outback belonging to ██████, one red Chrysler Sebring belonging to ██████, and any vehicle currently being operated by ██████, or in which ██████ is the primary occupant of.  On March 15, 2017, at approximately 0257 hours, ██████ was located, arrested, and charged under North Carolina

9

law with three counts of 1st Degree Sexual Exploitation of a Minor. At the time of his arrest, two black LG G4 cellular telephones, one in a gray colored casing, were discovered and seized from his person. On this same date, at approximately 0422 hours, the DCSO executed the search warrant at ███████'s residence and seized the following electronic devices:

    a.     One Asus X750J laptop bearing S/N E9N0CV253852378,

    b.     One Dell Inspiron laptop bearing S/N JRZ5D72,

    c.     One HP Pavilion DV6000 laptop bearing S/N CND6120H7B,

    d.     One Nokia cellular telephone,

    e.     One black Alcatel One Touch tablet,

    f.     One Seagate Momentus 5400 internal hard drive bearing S/N CND6120H7B,

    g.     One Lexar Professional 8GB Compact Flash Card,

    h.     One SanDisk 256MB Compact Flash Card,

    i.     One SanDisk MP3 player,

    j.     One DVD labeled "Teen Tryouts," and

    k.     69 compact discs (CD's)

The devices were transported back to the DCSO and logged as evidence.

15.    On March 16, 2017, the affiant travelled to the DCSO and took possession of the seized electronic devices. The devices were transported back to the RAC/Winston-Salem, within the Middle District of North Carolina, and placed in the evidence vault pending the issuance of a federal court order authorizing the search and seizure of said property.

10

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

16.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on electronic devices. I know that electronic files, or remnants of such files, can be recovered months or even years after they have been downloaded onto a storage medium or electronic device, deleted, or viewed via the Internet. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a device, the data contained in the file does not actually disappear; rather, the data remains on the storage medium or electronic device until it is overwritten by new data. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space – that is, in space on the storage medium that is not currently being used by an active file – for long periods of time before they are overwritten.

17.     As described in Attachment B, this application requests permission to locate not only electronically stored information that might serve as direct evidence of the federal criminal statutes cited herein, but also forensic electronic evidence that establishes how the items described in Attachment A were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the items described in Attachment A because:

        a.      Data on a computer or electronic device can provide evidence of a file that was once on the electronic device but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word

12

processing document).

b. Forensic evidence on an electronic storage device can indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on an electronic device that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on an electronic device is evidence may depend on other information stored on the device and the application of knowledge about how an electronic device works. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how an electronic device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on the device.

18. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the items described in Attachment A consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the items, that might expose many parts of the items to

13

human inspection in order to determine whether they contain evidence as described by the warrant. Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

19.     Based on the foregoing, I submit that there is probable cause to believe that the federal criminal statutes cited herein have been violated, and that the contraband, property, evidence, fruits and instrumentalities of these offenses, more fully described in Attachment B, are located within the items described in Attachment A. I respectfully request that this Court issue a search warrant, for the items described in Attachment A, authorizing the search for and seizure of the materials described in Attachment B.

Cory E. Brant
Special Agent
Homeland Security Investigations

Sworn and subscribed before me this 27th day of March, 2017.  9:05 AM

Joe L. Webster
United States Magistrate Judge
Middle District of North Carolina

14